```
Ronald J. Nessim - SBN 94208
John K. Rubiner - SBN 155208
Amanda R. Touchton - SBN 220430
BIRD, MARELLA, BOXER & WOLPERT
A Professional Corporation
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Anson, Garrett & Co.,
Ronald Anson and Jack Garrett
```



FILED
CLERK, U S DISTRICT COURT
AUG 10 2004
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GEVIRTZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FOUR STAR FINANCIAL SERVICES, LLC, an entity of unknown origin; ANSON, GARRETT & CO., an entity of unknown origin; MARK COHN, an individual; JACK GARRETT, an individual; RONALD ANSON, an individual; and DOES 1 through 9,<br><br>Defendants. | Case No. CV 03-5548 GAF (VBKx)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>DOCKETED ON CM<br>AUG 12 2004<br>BY          005 |

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all

1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

2891.5: 205488.1

disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. Except as set forth in paragraph 11, issues concerning the use of confidential information at a hearing or trial are not specifically addressed in this Stipulation. In order to protect the confidential information obtained by the parties in connection with this case, the parties agree as follows:

1. **Scope of Order**.

This Stipulation and Protective Order shall govern the handling of documents, testimony or other information produced by any party or non-party (the "Producing Party") to any other party (the "Receiving Party"). This Stipulation shall have no bearing on documents previously produced by Plaintiff Steve Gevirtz, Defendant Mark Cohn, Defendant Jack Garrett, Defendant Ron Anson, Defendant Four Star Financial Services, LLC and Defendant Anson, Garrett & Co., except as expressly specified and identified in this stipulation, if at all.

2. **Designation of Confidential Material**.

A Producing Party may designate as "CONFIDENTIAL" any documents, testimony, or other information it reasonably believes constitutes, contains, reflects or discloses information that is a trade secret, proprietary or subject to a legal claim of confidentiality. Documents may be designated as CONFIDENTIAL by: (I) typing, writing, or stamping "CONFIDENTIAL" on the particular document; or (ii) identifying documents by Bates numbers as "CONFIDENTIAL". Testimony taken at a deposition, conference, or

pre-trial hearing may be designated as CONFIDENTIAL by written notice of the specific pages and lines of testimony within 20 days after receipt of the transcript of a deposition. The parties shall attach a copy of any such written notice to all copies of such deposition transcripts within their possession, custody, or control.

3.  **Procedure for Challenging Designation of Confidentiality.**

In the event a party objects to a Producing Party's designation of information as Confidential, it shall specify to the designating party those documents or materials it contends should not be designated as Confidential ("Disputed Materials"), and the reasons therefore. The parties shall meet and confer within five business days of when a written specification of Disputed Materials is provided under this paragraph. If an impasse is reached, the party contesting the designation of information as Confidential may file a motion with the court under governing California Court rules or as provided by Court order within 21 days following a written declaration of impasse. The burden of proof to establish the propriety of confidential treatment shall rest on the party seeking confidential treatment, and the determination of whether confidentiality should attach will be made as though no Protective Order existed, by applicable legal standards. The Receiving Party shall continue to treat the Disputed Materials as Confidential pending entry of a final court order on the matter. Should the party contesting the designation of information as Confidential not file a motion within the time period set forth in this paragraph, the contested designation

2891.5: 205488.1

shall continue to apply.

    4. **Limitations on Disclosure and Use**.

Any information designated as CONFIDENTIAL pursuant to paragraph 2 above shall not be used for any purpose unrelated to this litigation or given, shown, disclosed or made available in any way to any person other than:

    (a)  counsel of record for the parties;

    (b)  para-professionals, secretaries and other non-attorney personnel who are employed by the parties' counsel of record, but only to the extent that disclosure to such persons is necessary in order for them to assist attorneys involved in the preparation of this case;

    (c)  the parties, and such officers, employees and former employees of the parties, as counsel of record deem necessary to assist them in this case;

    (d)  experts retained or consulted by the parties or their counsel of record for purposes of this action;

    (e)  any actual or potential non-party witness or deponent, and counsel for such non-party witness or deponent, but only to the extent reasonably necessary for the preparation for or giving of testimony in this action;

    (f)  court reporters and persons preparing transcripts of depositions;

    (g)  the Court and/or jury in accordance with paragraph 11 below; and

    (h)  any other person or entity who is so designated by order of the Court, or by prior, written agreement of the parties.

1 Any person being given access to Confidential information or
2 documents pursuant to sub-paragraph (d) shall be required to
3 execute a Declaration of Compliance With and Consent to Be Bound
4 by the Protective Order in the form annexed hereto as Exhibit A
5 (the "Declaration"). In the case of a disclosure pursuant to
6 sub-paragraph (e), (I) the party seeking to disclose such
7 Confidential material shall, prior to the disclosure, make a good
8 faith effort to cause the deponent or witness to execute the
9 Declaration unless (ii) such deponent, trial or hearing witness
10 or his or her counsel has had access to said materials
11 independent of their production by the designating party in this
12 Action.

13    5.   **Submission and Service of Protected Information**.

14 In the event that counsel for any party determines to file
15 with or submit to the Court any Confidential Information or any
16 papers referring to such information, such documents shall be
17 filed in a sealed envelope bearing the caption of this action,
18 the words "Confidential Information" as appropriate and a
19 statement in substantially the following form:

20    "This envelope contains documents that are subject to
21    an Order entered by the Court in this action governing
22    discovery and the use of confidential discovery
23    material. The envelope shall not be opened nor the
24    contents thereof displayed or revealed other than to
25    the Court and its staff except by Order of the Court.
26    Willful violation of this mandate may be regarded as
27    contempt of Court."
28 / / /

6.  **No Waiver by Inadvertent Failure to Designate Information as Confidential.**

A party may, on reasonable notice to the other parties, designate at any time produced information as Confidential, regardless of whether or not that information has been previously designated Confidential except with respect to documents previously produced by the parties prior to the entry of this stipulation. The failure to treat such information as Confidential prior to that designation is not a breach of this Protective Order.

7.  **Exceptions to Limitations on Disclosure.**

(a) Nothing in this Protective Order shall limit or affect the right of a party to disclose or to authorize disclosure of information produced by that party.

(b) Nothing in this Protective Order shall preclude a party in this action, his attorneys or any other persons from disclosing or using, in any manner or for any purpose, any information not obtained in this action and/or the Four Star Litigation, if such information is lawfully obtained from a third party, if the material is in the recipient's possession prior to the designation of the material as Confidential, or if the material was in the public domain prior to its designation as Confidential. Further, a party's disclosure of any material prior to its designation as Confidential shall not be deemed as a breach of this Protective Order.

(c) Nothing in this Order shall preclude any party to this action and/or the Four Star Litigation or their counsel

|   |     |                                                                                     |
|---|-----|-------------------------------------------------------------------------------------|
| 1 |     | of record from (I) showing documents designated as                                 |
| 2 |     | Confidential to an individual who either prepared or                               |
| 3 |     | reviewed the document prior to the filing of this                                  |
| 4 |     | action or the Four Star Litigation, or (ii) disclosing                             |
| 5 |     | or using in any manner or for any purpose materials                                |
| 6 |     | from the party's own files which the party itself has                              |
| 7 |     | designated as Confidential.                                                        |
| 8 | (d) | Nothing in this Order shall require any Receiving Party                            |
| 9 |     | to violate any law or fail to comply with any lawful                               |
|10 |     | obligation to turn over documents. Any Receiving Party                             |
|11 |     | receiving a demand for Confidential materials with                                 |
|12 |     | which it reasonably believes it must comply shall                                  |
|13 |     | immediately notify the Producing Party whose materials                             |
|14 |     | have been requested, to the extent permitted by law.                               |
|15 |     | The Receiving Party will not produce the documents                                 |
|16 |     | until required to do so by law.                                                    |

17    8.   **Post-Litigation Treatment of Protected Information**.

18    Within sixty (60) days of the termination of this
19 litigation, including any appeals, all information designated
20 Confidential and any materials which contain, disclose or reflect
21 such information shall be (I) returned to the Producing Party; or
22 (ii) destroyed by the party in possession thereof, with such
23 destruction certified to the Producing Party; provided, however,
24 that counsel of record may retain copies of transcripts, briefs,
25 exhibits, and other papers filed with the Court and /or any other
26 court handling any appeal or other matter relating to this case,
27 / / /
28 / / /

1     **9. Continuing Effect of this Protective Order.**

2        The restrictions on the use of Protected Information set
3 forth in this Protective Order shall survive the conclusion of
4 this litigation and, for a period of six months after conclusion
5 of this litigation, the Court shall exercise limited jurisdiction
6 for the purpose of enforcing this Protective Order and resolving
7 any dispute concerning the use of information disclosed
8 hereunder.

9     **10. Modification of this Protective Order.**

10       Any party may seek to modify the provisions of this
11 Protective Order at any time by filing a motion, submitting a
12 stipulation to be approved by the Court, or otherwise applying to
13 the Court for further or additional protection.

14     **11. Hearings and Trial.**

15       The use of any Confidential Information for the purpose of
16 any hearing or trial or the preparation for any hearing or trial
17 which is open to the public is not addressed at this time, but /

18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

2891.5: 205488.1

1 will be the subject of future agreement or Order as the need may
2 arise.
3 Dated: August 6__, 2004                BIRD, MARELLA, BOXER & WOLPERT, APC

5                                         By: _____
                                              John K. Rubiner
6                                         Attorneys for Defendants Anson,
                                          Garrett & Co., Ronald Anson and
7                                         Jack Garrett

9 Dated: August __, 2004                  LAPIDUS & LAPIDUS

11                                        By: _____
                                              Ryan D. Lapidus
                                          Attorneys for Plaintiff Steve
12                                        Gevirtz

13 Dated: August 6__, 2004

14                                        _____
                                              Miles Archer Woodlief
                                          Attorney for Defendant Mark Cohn

16
                                   [PROPOSED] ORDER
17
    IT IS SO ORDERED.
18
19 Dated: AUG 10 2004
                                          _____
20                                        The Honorable Gary A. Feess,
                                          United States District Judge
21
                                          Magistrate
22                                        VICTOR B. KENTON

will be the subject of future agreement or Order as the need may arise.

Dated: August __, 2004          BIRD, MARELLA, BOXER & WOLPERT, APC


By: _____
    John K. Rubiner
Attorneys for Defendants Anson, Garrett & Co., Ronald Anson and Jack Garrett


Dated: August 5, 2004           LAPIDUS & LAPIDUS


By: _____
    Ryan D. Lapidus
Attorneys for Plaintiff Steve Gevirtz

Dated: August __, 2004


_____
    Miles Archer Woodlief
Attorney for Defendant Mark Cohn


[PROPOSED] ORDER

IT IS SO ORDERED.

Dated: _____       _____
                              The Honorable Gary A. Feess,
                              United States District Judge

**EXHIBIT A**

**DECLARATION OF COMPLIANCE WITH AND CONSENT**

**TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare as follows:

1.  I understand that information deemed confidential and proprietary is going to be provided to me pursuant to the terms and restrictions of a Protective Order, dated _____, 2004, in this action.

2.  I have received and read a copy of the Protective Order, and I agree to be bound by its terms and restrictions and to not reveal or otherwise communicate any of the information disclosed to me in connection with this action except in accordance with the terms of the Protective Order. I consent to personal jurisdiction over me by the Court for purposes of enforcing the Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this ____ day of _____, 2004, at _____, California.

_____

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1875 Century Park East, Los Angeles, California 90067-2561.

On **August 6, 2004**, I served the within document(s) described as **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** on the interested parties to this action who are listed on the attached Service List.

■ **BY MAIL:** By placing a true copy thereof in sealed envelopes addressed to the parties listed on the attached Service List and causing them to be deposited in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid. I am readily familiar with our firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

☐ **BY HAND (STATE COURT):** By hand-delivering a true copy thereof in sealed envelopes to the offices of the parties listed on the attached Service List.

☐ **BY HAND (FEDERAL COURT):** By placing a true copy thereof in sealed envelopes and causing such envelopes to be hand-delivered to the offices of the parties listed on the attached Service List.

☐ **BY FAX:** By transmitting a true copy thereof via facsimile machine to the offices of the parties listed on the attached Service List. I caused the copy to be transmitted at from the facsimile number of Bird, Marella, Boxer & Wolpert, PC, (310) 201-2110 or (310) 201-2119. The transmission was reported as complete and without error. A copy of the transmission report is attached to this Proof of Service.

☐ **BY OVERNIGHT MAIL (VIA FEDERAL EXPRESS):** By placing a true copy thereof in sealed envelopes addressed to the parties listed on the attached Service List and causing them to be deposited in the Federal Express Depository maintained at 1875 Century Park East, Los Angeles, CA 90067. The envelopes were sent with Federal Express fees therefor fully paid, with written instructions for "next-day" delivery.

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge, and that I executed this document on **August 6, 2004** at Los Angeles, California.

■ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my own personal knowledge, and that I executed this document on **August 6, 2004** at Los Angeles, California.

_____
Elizabeth Martin

201426.1

1 **SERVICE LIST**

2  Attorney for Plaintiff Steve Gevirtz:
   Ryan D Lapidus, Esq.
3  Lapidus & Lapidus
   211 South Beverly Drive, Suite 205
4  Beverly Hills, CA 90212
   Phone: (310) 550-8700
5  Fax:    (310) 943-2471

6
   Attorneys for Defendant Mark Cohn:
7  Miles Archer Woodlief
   775 East Blithedale, Suite 514
8  Mill Valley, CA 94941
   Phone: (415) 730-3032
9  Fax: (415) 449-3569

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

201426 1